**Naomi Levelle Haslitt**, OSB No. 075857
naomi.haslitt@millernash.com
**Iván Resendiz Gutierrez**, OSB No. 154617
ivan.resendiz@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Fax:  503.224.0155

*Attorneys for Defendants
University of Oregon, et al.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES-BRENT: ALVAREZ,<br><br>            Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF OREGON, an Oregon Municipality; U. OF O. POLICE DEPARTMENT, an Oregon Municipality; LUKE SITTS, an individual; GERI BROOKS, an individual; SCOTT GEETING, an individual; STEVEN BARRETT, an individual, MATTHEW CARMICHAEL, and individual; and MICHAEL H. SCHILL, and individual,<br><br>            Defendants. | Case No. 6:19-cv-01071-AA<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR THE SECOND LEAVE TO AMEND COMPLAINT PURSUANT TO FRCP 15(b) |

Page 1 -   Defendants' Response to Plaintiff's Motion for the Second Leave to Amend Complaint Pursuant to FRCP 15(b)

4812-9517-7387.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Defendants, the University of Oregon, the University of Oregon Police Department ("UOPD"), Luke Sitts, Geri Brooks, Scott Geeting, Steven Barrett, Matthew Carmichael, and Michael H. Schill (collectively, "Defendants"), respectfully request that the Court deny plaintiff's "motion for the second leave to amend complaint pursuant to FRCP 15(b)" dated October 7, 2019 (ECF No. 26).[1]

## I.   DISCUSSION

Defendants object to plaintiff's motion to amend his complaint again because justice does not require (and should not permit) further amendment.

Defendants object to the motion because of plaintiff's repeated failure to cure deficiencies in his case, the undue prejudice to defendants caused by allowing another amendment, and futility of the amendment; all of which weigh against allowing the amendment.[2]

---

[1] Plaintiff filed a motion titled "motion for the second-leave to amend complaint pursuant to FRCP 15(b) up-dated motion with up-dated complaint" on October 21, 2019 (ECF No. 29). Defendants will be responding to that motion separately.

[2] Defendants also seek to correct the record regarding the parties' conferrals. In his motion, plaintiff "certified that on October 3, 2019, plaintiff contacted counsel for the defendants by telephone, and were [un]able to resolve the matter, as the attempt at communications was unsuccessful." (Motion for the Second Leave to Amend Complaint Pursuant to FRCP 15(b) at 3.) Plaintiff's LR 7-1 Certification is incorrect because, though the parties spoke on October 7, 2019, they were unable to complete the conferral before plaintiff filed the motion. Declaration of Iván Resendiz Gutierrez ("IRG Decl.") ¶ 2. This is not first time plaintiff has mischaracterized the parties' conferral (or lack thereof). In plaintiff's "motion for the extension of time to reply to defendants motion to dismiss plaintiffs-complaint" dated September 20, 2019 (ECF No. 23), plaintiff certified that "on September 19, 2019, plaintiff contacted counsel for the defendants by phone to resolve the matter described in this motion, but the parties were unable to resolve it." (Motion for Extension of Time to Reply to Defendants Motion to Dismiss Plaintiffs-Complaint at 3.) Plaintiff, however, did not contact defendants' counsel to confer. IRG Decl. ¶ 3. Plaintiff did contact defendants' counsel to confer on plaintiff's "motion for the extension of time to reply to defendants motion to dismiss plaintiffs-complaint" that he filed on October 10, 2019 (ECF No. 27), and defendants did not object. IRG ¶ 3.

Page 2 -   Defendants' Response to Plaintiff's Motion for the Second Leave to Amend Complaint Pursuant to FRCP 15(b)

4812-9517-7387.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Rule 15(a)(2) of the Federal Rule of Civil Procedure provides that the Court "should freely give leave [to amend a pleading] when justice so requires." A district court, however, may deny a motion to amend "due to . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). Futility of amendment "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (internal quotation marks and citation omitted) (affirming district court's denial of leave to amend); *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (denying leave to amend due to futility).

In this case, this Court should not allow plaintiff to amend the first amended complaint because justice does not require further amendment and any amendment would be futile. Plaintiff's proposed amended complaint does include additional allegations to try to support his claims. But the addition of more allegations does not save plaintiff's complaint from dismissal because even with those allegations, the proposed amended complaint fails to state a claim against any of the defendants. In some ways, the proposed second amended complaint is even more deficient and more confusing than the first amended complaint in large part due to plaintiff's insertion of selected language from irrelevant cases sprinkled throughout his proposed pleading.

Page 3 -    Defendants' Response to Plaintiff's Motion for the Second Leave to Amend Complaint Pursuant to FRCP 15(b)

4812-9517-7387.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

As defendants explained in their motion to dismiss (ECF No. 20) and their joinder in the motion to dismiss (ECF No. 21), the first claim under 42 U.S.C. § 1983 fails because it is barred by the Eleventh Amendment to the United States Constitution. That is so because other than plaintiff's conclusory allegations, there is no evidence that any of the events related to the traffic stop that occurred while the UOPD officers were acting in their individual capacities. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), *as amended* (Oct. 9, 1992) ("The eleventh amendment bars both a federal court action for damages (or other retroactive relief) brought by a citizen against a state and such a federal court action brought by a citizen against a state official acting in his official capacity."). Moreover, although defendant Carmichael was the UOPD Chief of Police and defendant Schill was the University's President, the amended complaint does not allege that either of them was involved in the traffic stop, the decision to issue citations, or the arrest. The proposed amended complaint does not even allege that those defendants had knowledge of those events. And it is well established that such supervisors cannot be held vicariously liable for the conduct of other University employees. *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) ("Neither state officials nor municipalities are vicariously liable for the deprivation of constitutional rights by employees.").

Even if the Section 1983 claim was not barred, the claim fails because the individual defendants are subject to qualified immunity. *See Barrett v. Williams*, No. 6:11-cv-06358, 2013 WL 6055247, at *7 (D. Or. Nov. 14, 2013) (qualified immunity shields state officials from money damages unless a plaintiff pleads facts showing that the officials violated a statutory or constitutional right). As noted in the defendants' motion to dismiss plaintiff's first amended complaint filed on September 5, 2019 (ECF No. 20), defendants Carmichael and Schill

Page 4 -   Defendants' Response to Plaintiff's Motion for the Second Leave to Amend Complaint Pursuant to FRCP 15(b)

4812-9517-7387.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

do not appear to have been involved with plaintiff's case at all. But to the extent plaintiff alleges they were involved and deprived him of his constitutional rights, they are entitled to qualified immunity. *See Barrett*, 2013 WL 6055247, at *7.

The remaining three claims are also not supported by sufficient facts to proceed. The second and third claims fail because as stated in the defendants' motion to dismiss plaintiff's complaint and memorandum in support (ECF No. 18) (the "Motion"), plaintiff has failed to state sufficient facts to support a claim for negligence or conspiracy to interfere with civil rights under 42 U.S.C. § 1985 and 42 U.S.C. § 1986. The fourth claim fails because, as stated in the Motion, plaintiff has failed to state sufficient facts to support a claim under 18 U.S.C. § 2333(a) (international terrorism).

Defendants acknowledge that plaintiff is proceeding *pro* se and that he is attempting to cure deficiencies in his first amended complaint. We further agree that *pro se* plaintiffs should generally receive the benefit of the doubt and be allowed amendments. But Plaintiff here has already amended his complaint once with no objection from Defendants. Further, a review of Plaintiff's proposed second amended complaint shows that allowing the amendment will be futile.

If the Court allows another amendment, then the University will be forced to expend public resources and funds continuing to litigate a meritless case.

## II. CONCLUSION

Plaintiff's original complaint, first amended complaint, and proposed second amended complaint continue to show that plaintiff's case is untenable against all the named defendants. As a public institution charged with the efficient and responsible stewardship of

Page 5 -   Defendants' Response to Plaintiff's Motion for the Second Leave to Amend Complaint Pursuant to FRCP 15(b)

4812-9517-7387.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

public funds, the University, its police department, and all individual defendants seek through this response to limit the expenditure of unnecessary public resources to address claims that are not legally viable.

Accordingly, this Court should deny plaintiff's request for leave to amend his first amended complaint.

DATED this 29th day of October, 2019.

MILLER NASH GRAHAM & DUNN LLP

*s/ Ivan Resendiz Gutierrez*
Naomi Levelle Haslitt, OSB No. 075857
naomi.haslitt@millernash.com
Iván Resendiz Gutierrez, OSB No. 154617
ivan.resendiz@millernash.com
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Phone:  503.224.5858
Fax:  503.224.0155

*Attorneys for Defendants*
*University of Oregon, et al.*

Page 6 -   Defendants' Response to Plaintiff's Motion for the Second Leave to Amend Complaint Pursuant to FRCP 15(b)

4812-9517-7387.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Defendants' Response to Plaintiff's Motion for the Second Leave to Amend Complaint Pursuant to FRCP 15(b) on:

James-Brent: Alvarez
c/o 30924 Kenady Lane
Cottage Grove, Oregon  97424
brentalvarez78@gmail.com

*Plaintiff Pro Se*

by the following indicated method or methods on the date set forth below:

☐ **CM/ECF system transmission.**

☐ **E-mail.**  As required by Local Rule 5-10, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☒ **E-mail courtesy only.**

☐ **Facsimile communication device.**

☒ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 29th day of October, 2019.

*s/ Ivan Resendiz Gutierrez*
Iván Resendiz Gutierrez, OSB No. 154617

*Of Attorneys for Defendants University of Oregon, et al.*

Page 1 -    Certificate of Service

4812-9517-7387.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204