**Naomi Levelle Haslitt**, OSB No. 075857
naomi.haslitt@millernash.com
**Iván Resendiz Gutierrez**, OSB No. 154617
ivan.resendiz@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Phone:  503.224.5858
Fax:  503.224.0155

     *Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES-BRENT: ALVAREZ,<br><br>     Plaintiff,<br><br>    v.<br><br>LUKE SITTS, an individual; GERI BROOKS, an individual; SCOTT GEETING, an individual; STEVEN BARRETT, an individual; DON MORRIS, an individual; MATTHEW CARMICHAEL, an individual; and MICHAEL H. SCHILL, an individual,<br><br>     Defendants. | Case No. 6:19-cv-01071-AA<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION AND MOTION FOR PERFORMANCE OF CONTRACT [ECF NO. 58] AND PLAINTIFF'S AFFIDAVIT AND ATTACHED EVIDENCE [ECF NO. 60] |

Defendants, Luke Sitts, Geri Brooks, Scott Geeting, Steven Barrett,

Matthew Carmichael, and Michael H. Schill (collectively, "defendants"), respectfully request

that the Court deny or, in the alternative, strike plaintiff's objection and motion for performance

Page 1 -    Defendants' Response to Plaintiff's Objection and Motion for Performance of Contract
    [ECF No. 58] and Plaintiff's Affidavit and Attached Evidence [ECF No. 60]
              MILLER NASH GRAHAM & DUNN LLP
                    ATTORNEYS AT LAW
                TELEPHONE: 503.224.5858
             3400 U.S. BANCORP TOWER
              111 S.W. FIFTH AVENUE
            PORTLAND, OREGON  97204

of contract filed on May 18, 2020 (ECF No. 58) (the "Motion") and plaintiff's affidavit and

attached evidence filed on May 22, 2020 (ECF No. 60) (the "Affidavit").

## I.    ARGUMENT

### A.    The Court Should Deny, or in the Alternative, Strike the Motion.

This Court should deny the Motion for the following three reasons.  First, the

Motion should be denied (or stricken) because the Motion fails to meet the certification

requirements of LR 7-1.  LR 7-1(3).  This alone is grounds for denial.

Second, if the filing is not a motion and cannot be denied under LR 7-1(3) for

failure to meet the certification requirements, it unclear what the filing is supposed to be.

Plaintiff has already filed a reply to defendants' response to plaintiff's motion for the third leave

to amend the complaint with memorandum in support (ECF No. 52) ("Plaintiff's Reply").  To the

extent plaintiff is arguing that defendants introduced facts in the response to plaintiff's motion for

the third leave to amend the complaint with memorandum in support (ECF No. 50) (the

"Response"), defendants did no such thing.  And even if defendants did so, plaintiff should have

set forth those arguments in Plaintiff's Reply, not a separate filing that amounts to a surreply.

*See, e.g.*, *Numrich v. Qwest Corp.*, No. 3:14-CV-01864-BR, 2015 WL 1883917, at *3 (D. Or.

Apr. 23, 2015) ("Moreover, surreplies are disfavored and the party seeking to submit one has to

demonstrate a compelling reason for permitting the additional filing and such requests are

routinely disallowed when that burden is not met.") (internal quotation marks and citation

omitted); *Queensridge Towers LLC v. Allianz Global Risks U.S. Ins. Co.*, No. 2:13-CR-97 JCM

(PAL), 2015 WL 1403479, at *2 (D. Nev. Mar. 26, 2015) ("Surreplies are disfavored and only

authorized to address new matters raised in a reply."); *Huskey v. Ahlin*, No. 1:12-cv-00569-AWI-

SKO (PC), 2014 WL 348449, at *1 (E.D. Cal. Jan 31, 2014) ("In this instance, Plaintiff did not

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

seek leave to file a surreply and the Court declines to consider it.  There is no basis for deviating from the general rule that surreplies are not permitted as a matter of course and are disfavored.").

Plaintiff appears to oppose defendants' use of the term "traffic stop" in the Response or in defendants' motion to dismiss plaintiff's second amended complaint and memorandum of support (ECF No. 41) (the "Third Motion to Dismiss").  Plaintiff's objection falls flat, however, because the second amended complaint clearly provides that plaintiff was pulled over for driving a car without license plates on a public street.  (SAC ¶¶ 1, 4-11, 20-21; *see also Alvarez v. Univ. of Oregon*, No. 6:19-cv-01071-AA, 2020 WL 61036, at *2 (D. Or. Jan. 6, 2020).)

Third, to the extent plaintiff is arguing that defendants failed to address one of his many arguments, his assertion is incorrect.  Defendants addressed the arguments they could understand given that the second amended complaint "is written in a combination of what plaintiff calls 'plain language' and 'CORRECT-SENTENCE-STRUCTURE-COMMUNICATIONS-PARSE-SYNTAX-GRAMMAR,' or 'C.-S.-S.-C.-P.-S.-G.-P.' for short." 2020 WL 61036, at *1.  If plaintiff is referring to the alleged Article I, Section 10 of the United States Constitution and constitutional claims, defendants addressed those claims in the Third Motion to Dismiss, defendants' reply in support of their motion to dismiss plaintiff's second amended complaint (ECF No. 55) (the "Defendants' Reply"), and the Response.  (Third Motion to Dismiss at 11-22; Defendants' Reply at 7-16; Response at 5-7.)

Accordingly, the Motion should be denied or, in the alternative, stricken.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**B.    The Court Should Deny or, in the Alternative, Strike the Affidavit.**

This Court should deny the Affidavit for the following reasons.  First, to the extent the Affidavit is a motion, it should be denied (or stricken) because the Affidavit fails to meet the certification requirements of LR 7-1.  LR 7-1(3).

Second, it is unclear what the filing is supposed to be.  As discussed above, if plaintiff is attempting to file a surreply, surreplies are not allowed or disfavored.

Third, the Affidavit is further evidence of plaintiff's flawed belief that a police officer cannot pull an individual over for failing to have visible license plates on a vehicle being driven on a public road.  As noted in the Opinion and Order dated January 6, 2020 (ECF No. 27), "[b]y the time officers arrested him, [plaintiff] had refused to provide documentation to the officers and had used force against the officers.  Plaintiff's allegations, thus, show that the officers had probable cause to arrest him.  Plaintiff's claim of unlawful arrest must be dismissed." *Alvarez*, 2020 WL 61036, at *6.

As mentioned in defendants' previous filings, defendants' employer, the University of Oregon (the "University"), an Oregon public university, is facing over a $25 million deficit this spring quarter alone due to coronavirus disease 2019 ("COVID-19") pandemic, and is trying to devote its limited resources to preventing additional layoffs and battling the pandemic.[1]  As a public institution charged with the efficient and responsible

---

[1] *See* University of Oregon, AroundtheO, *President announces staffing reductions due to COVID-19*, April 13, 2020, https://around.uoregon.edu/content/president-announcesstaffingreductions-due-covid-19 (message announcing budget deficit and layoffs); University of Oregon, AroundtheO, *UO donates a load of medical supplies to county public health*, April 10, 2020, https://around.uoregon.edu/content/uo-donates-load-medical-supplies-county-public-health (announcement on giving university equipment to county public health); University of Oregon, AroundtheO, *UO shop to begin fabricating much-needed face shields*,

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

stewardship of public funds—especially during an extraordinary time for the University, our nation, and the world—defendants seek through this response to limit the expenditure of unnecessary public resources to address inappropriate and confusing court filings, especially filings about which plaintiff failed to confer.  In this budget climate, resource conservation is vital; and further responses to plaintiff's paper campaign would be a waste of public resources.

However, if after reading the Third Motion to Dismiss, Defendants' Reply, and the Response the Court has any questions about plaintiff's multiple theories and defendants' response to those theories, defendants would be happy to provide any additional information or briefing the Court requests.

## II.    CONCLUSION

For the reasons stated above, defendants respectfully request the Court to deny or, in the alternative, strike the Motion and the Affidavit.

DATED this 1st day of June, 2020.

MILLER NASH GRAHAM & DUNN LLP

*s/Naomi Levelle Haslitt*
Naomi Levelle Haslitt; OSB No. 075857
naomi.haslitt@millernash.com
Iván Resendiz Gutierrez; OSB No. 154617
ivan.resendiz@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for Defendants*

---

April 6. 2020, https://around.uoregon.edu/content/uo-shop-begin-fabricating-much-needed-face-shields (announcement on efforts to make face-shields for medical personnel).

Page 5 -    Defendants' Response to Plaintiff's Objection and Motion for Performance of Contract [ECF No. 58] and Plaintiff's Affidavit and Attached Evidence [ECF No. 60]

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing Defendants' Response to Plaintiff's

Objection and Motion for Performance of Contract [ECF No. 58] and Plaintiff's Affidavit and

Attached Evidence [ECF No. 60] on:

> James-Brent: Alvarez
> c/o 30924 Kenady Lane
> Cottage Grove, Oregon  97424
> jb22.1978.008@gmail.com
>
> *Plaintiff Pro Se*

by the following indicated method or methods on the date set forth below:

☐ **CM/ECF system transmission.**

☐ **E-mail.**  As required by Local Rule 5.9(b), any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☒ **E-mail** (per Agreement to service by e-mail)

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 1st day of June, 2020.

*s/Naomi Levelle Haslitt*
Naomi Levelle Haslitt, OSB No. 075857

*Of Attorneys for Defendants*

4847-5234-8605.1

Page 1 -    Defendants' Response to Plaintiff's Objection and Motion for Performance of Contract [ECF No. 58] and Plaintiff's Affidavit and Attached Evidence [ECF No. 60]

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204