

: C.-S.-S.-C.-P.-S.-G.-P. FLAG OF THIS DOCUMENT-POSTAL-VESSEL-COURT-VENUE.

UNITED STATES DISTRICT COURT

STATE OF OREGON

EUGENE DIVISION

| | |
|---|---|
| : James-Brent: Alvarez. | Case No. 6:19-cv-01071-AA |
| Plaintiff, | PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE [ECF NO. 61] TO PLAINTIFF'S OBJECTION AND MOTION FOR PERFORMANCE OF CONTRACT AND AFFIDAVIT [ECF NO. 60] |
| v. | |
| Luke Sitts, et al. | |
| Defendants. | |

Plaintiff: James-Brent: Alvarez, respectfully requests the Court deny defendant's response—motion—to deny or strike plaintiff's objection (the "Objection") and motion for performance of contract (ECF No. 58) and plaintiff's affidavit and attached evidence (ECF No. 60).

I.   ARGUMENT

A.   **The Court Should Sustain Plaintiff's Affidavit.**

This Court should deny the defendant's response to deny or strike the plaintiff's Affidavit for the following two reasons.  First, as defendants pointed out, the pleading is not a motion, and is not subject to denial under certification requirements of LR 7-1.

Second, plaintiff's affidavit is not a surreply.  It is an affidavit, as the title in the caption suggests, of the facts in relation to an unrelated matter introduced by defendant's reply in support for their motion to dismiss (ECF No. 55) by introducing an appellate court ruling that has no bearing on this case.  And even if it was a surreply, it would make sense to file a surreply

as defendants, once again, introduced skewed facts outside the pleadings of record with their reply in support of their motion to dismiss (ECF No. 55) by claiming plaintiff was operating under the traffic laws in an unrelated matter.  Hence, plaintiff's Affidavit of the truth for that unrelated matter is warranted because he would otherwise be denied an opportunity to respond to defendant's arguments *presented for the first time with specificity*—by presenting Case No. 18VI85351—in defendant's reply to support their motion to dismiss (ECF No. 55).[1]

"Arguments raised for the first time in a reply brief are not properly before the reviewing court." *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) (citing *United States v. Benz*, 740 F.2d 903, 916 (11th Cir. 1984)).  "Normally, a party may not raise new grounds for granting its motion in a reply.  Where a party does raise new grounds in its reply, the Court may…permit the non-moving party additional time to respond to the new argument. *Int'l Telecomms. Exch. Corp. v. MCI Telecomms. Corp.*, 892 F. Supp. 1520, 1531 (N.D. Ga. 1995); see also Telecomm Technical Servs., Inc. v. Siemens Rolm Commc'ns, Inc., 66 F. Supp. 2d 1306, 1310 (N.D. Ga. 1998) (allowing non-movant to file surreply briefs because movant raised new arguments in its reply briefs).

Nothing in the Federal Rules of Civil Procedure or this Court's Local Rules prohibits the filing of surreplies.  See *USMoney Source, Inc., v. Am. Int'l Specialty Lines Co.*, No. 1:07-cv-0682-WSD, 2008 WL 160709, at *2 n.5 (N.D. Ga. Jan. 15, 2008) (granting parties' motions to file supplemental briefing and noting that although surreplies are not allowed as a matter of right, '"the Court may in its discretion  permit the filing of a surreply * * * where a valid reason for such additional briefing exists"'), *rev'd and remanded on other grounds*, 288 Fed. App'x 558, 563 (11th Cir. 2008).  Thus, the decision to grant a party permission to file a surreply is within this Court's discretion.  See *Groobert v. President and Dirs. of Georgetown College,* 219 F. Supp. 2d 1, 13 (D.D.C. 2002).

Plaintiff's affidavit should be sustained, for it further supports his position that public officials are not supposed to violate an individual's rights secured by the US Constitution, by the Circuit Court's agreement with plaintiff that an individual exercising a constitutionally secured—*guaranteed by contract*—right to travel is not subject to the state's traffic statutes.

---

[1] In the event this Court treats Plaintiff's Affidavit as a surreply, plaintiff asks the Court to forgive his procedural error by not first filing for permission to file a surreply with the Court.  Plaintiff, respectfully, reminds the Court that he is pro se and errors are to be expected.

B.   **The Court Should Sustain Plaintiff's Objection.**

This Court should sustain the Objection for the following reasons.  First, the Objection is not a motion, as noted by defendants, and is not ground for denial under certification requirements of LR 7-1.

Second, the pleading is not meant to be a surreply.  It is an objection as titled in the caption.  Although titled as an Objection and Motion, the pleading was originally titled as an Objection and Notice, and the title was changed at the last second for plaintiff's uncertainty of acceptable titles for pleadings.

Plaintiff's objection is for the defendant's not following the Court's Order to file a response to Plaintiff's Third Motion for Leave, specifically, by defendant's failing to address the memorandum of facts in the supplemental pleading for a third amended complaint ("TAC" in citations) (ECF No. 45) despite a clear order [doc. 46] from the Court.  Defendant's failed to rebut the memorandum (ECF No. 45) in support of plaintiff's right to travel:

> This Memorandum will be construed to comply with provisions necessary to establish presumed fact, pursuant to Rule 301, Federal Rules of Evidence, and attending State rules. Should interested Parties fail to rebut any given Allegation of Fact or Matter of Law addressed herein with specificity, the position will be construed as adequate to meet requirements of Judicial Notice, thus preserving fundamental Law.  Matters addressed herein, if not rebutted, will be construed to have general application.
>
> This Memorandum addresses the Issue of state statutes, regulation and licensing of a constitutional Right to free travel upon the public roads of an Oregon Citizen.

Plaintiff's objection is notifying the Court of defendant's failure to rebut facts and matters of law addressed therein, and thereby, is requesting the Court take Judicial Notice of the facts within the record, that plaintiff may exercise his constitutional right to travel in the State of Oregon freely and unencumbered from the state's revised statutes.

Plaintiff waited until defendant's had filed their response and reply as ordered by the Court, and, when plaintiff saw the defendant's pleadings did not hold a response or reply to his memorandum set forth in the TAC.  Plaintiff timely filed his objection and notice of the facts, and further, requested the Court rule in favor of the facts and law in the matter, as they stand as presumed facts pursuant to Fed. R. of Civ. P. 301.  Plaintiff's objection is not introducing new facts or arguments into the record.

Plaintiff's objection also serves as an unnecessary reminder to the Court of its jurisdiction to hear plaintiff's matter, and as an unnecessary request by the plaintiff for the performance of the Court's contracts—Constitution and Oaths—in the Court's handling of the plaintiff's complaint.  This has been plead throughout the plaintiff's pleadings.

Plaintiff feels the reminder and requests for performance of contract is necessary given the defendant's continual attempt at distorting the facts and issues of plaintiff's pleadings and the Court's order.  For example, defendants argue the following in ECF No. 61:

> Plaintiff's objection falls flat, however, because the <u>second amended complaint</u> clearly provides that plaintiff was pulled over for driving a car without license plates on a public street.

First, plaintiff's objection is about the third motion for leave and the memorandum not addressed in the supplemental pleading.  The pleading is not about the second amended complaint, as is acknowledged by the defendants in their statement on the previous page of their pleading that says:

> To the extent plaintiff is arguing that defendants introduced facts in the response to plaintiff's motion for the <u>third leave to amend the complaint</u> with memorandum in support (ECF No. 50) (the "Response"), defendants did no such thing.

This is but one of many ways the defendants attempt to cleverly pretend to reply to plaintiff's pleadings, by claiming to respond to a certain pleading, but in reality, switching subjects and then claiming to have responded to the pleading.  Second, defendants continue to twist the facts of plaintiff's pleadings:

> Plaintiff's objection falls flat, however, because the second amended complaint clearly provides that *plaintiff was pulled over for <u>driving</u> a car without license plates* on a public street.

As scribed below, plaintiff's complaint says no such thing:

> For the Plaintiff is <u>*traveling*</u> *with the use of his private-property* (family-automobile), and with the use of the public-ways to do so

Specifically, nowhere in plaintiff's pleadings is there a statement that plaintiff was "driving".  The term "driving" is used by the defendants to skew and twist the facts of the

plaintiff's complaint. When reading the plaintiff's memorandum laid out in the supplemental pleading of the plaintiff's motion for leave to amend (ECF No. 45), it's no coincidence council avoided a reply to the memorandum of facts and laws, because the memorandum specifically prevents council from twisting the facts in plaintiff's complaint, by providing the legal definition for the word "driver" among many other legal definitions for the words of the complaint:

> The term "driver" in contradistinction to "traveler" is defined as:
>
> "Driver -- One employed in conducting a coach, carriage, wagon, or other vehicle..." Bouvier's Law Dictionary, 1914 ed., p. 940.
>
> Notice that this definition includes one who is "employed" in conducting a vehicle. It should be self-evident that this person could not be "traveling" on a journey, but is using the road as a place in the conduct of business.

Defendant's use of the word "driving" in place of the word "traveling" changes the facts of plaintiff's complaint, and in this way, defendant's introduce new facts into the record that are not plead in the plaintiff's pleadings. In sum, defendants continue to mislead the Court with false statements, by claiming plaintiff was involved in a routine traffic stop. The actual claims of the Second Amended Complaint allege the following—and more—violations of the plaintiff's constitutional rights, as discussed in the Court's Opinion and Order:

- Article I, Section 10 of the United States Constitution by Officer Sitts for stopping plaintiff and issuing traffic citations to plaintiff (Order at 21);

- Fifth Amendment right to silence by all UOPD officers for ignoring plaintiff's request to remain silent (Order at 21);

- Sixth Amendment right to counsel by all UOPD officers for ignoring plaintiff's request to have counsel present before answering questions (Order at 21);

- Fourth Amendment right to be free from unreasonable searches and seizures by all UOPD officers for searching plaintiff's car, seizing plaintiff when he exited his car, arresting plaintiff, and in using excessive force during his seizure and arrest (Order at 21);

- Fourteenth Amendment right to due process by all UOPD officers by "the [de]liberate-fabrication of the evidence,… the [is]suing of the false-civil & criminal-charges [against] the Plaintiff," and "the [ar]rest[] and [un]lawful[]-imprison[ment]" of plaintiff." Doc. 36 Ex 1 at 16 (brackets at the beginning of the words in original). (Order at 21).

## II.     CONCLUSION

For the reasons stated above, plaintiff respectfully requests the Court deny defendant's motion to dismiss or strike the plaintiff's Objection and Affidavit of the truth.

Autograph: <u>s/: James-Brent: Alvarez.</u>  
[t]he Plaintiff: James-Brent: Alvarez.  
Postmaster: RA535207145US  
Date: 10th-June-2020.

## CERTIFICATE OF SERVICE

        I hereby certify that on the date scribed below a copy of the foregoing Plaintiff's Reply to Defendant's Response to Plaintiff's Objection and Motion for Performance of Contract was served by email, as agreed upon during the Covid-19 pandemic, and, was served on:

Namoi Levelle Haslitt, OSB No. 075857
naomi.haslitt@millernash.com
Iván Resendiz Gutierrez, OSB No. 154617
ivan.resendiz@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Tower
Portland, Oregon 97204
Telephone: 503.224.5858
Fax: 503.224.0155

    Attorneys for Defendants,

    Luke Sitts, et al.

                                                      Autograph: <u>s/: James-Brent: Alvarez.</u>
                                                      [t]he Plaintiff: James-Brent: Alvarez.
                                                             Postmaster: RA535207145US
                                                                    Date: 10th-June-2020.