**Naomi Levelle Haslitt**, OSB No. 075857
naomi.haslitt@millernash.com
**Iván Resendiz Gutierrez**, OSB No. 154617
ivan.resendiz@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

JAMES-BRENT: ALVAREZ,

Plaintiff,

v.

LUKE SITTS, an individual; GERI BROOKS, an individual; SCOTT GEETING, an individual; STEVEN BARRETT, an individual; DON MORRIS, an individual; MATTHEW CARMICHAEL, an individual; and MICHAEL H. SCHILL, an individual,

Defendants.

Case No. 6:19-cv-01071-AA

DEFENDANTS' RESPONSE TO "PLAINTIFFS' [SIC] OBJECTIONS TO THE COURT'S OPINION AND ORDER'S [SIC] AND MOTION FOR LEAVE TO AMEND THE COMPLAINT A THIRD TIME"

Defendants, Luke Sitts, Geri Brooks, Scott Geeting, Steven Barrett, Matthew Carmichael, and Michael H. Schill (collectively, "Defendants"), respectfully request that the Court deny or, in the alternative, strike "Plaintiffs' [Sic] Objections to the Court's

Page 1 - Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time"
MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time" filed on October 20, 2020 (ECF No. 71) (the "Motion").

## I. ARGUMENT

### A. *Pro Se* Documents.

Defendants understand that federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks and citation omitted). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.").

### B. The Court Should Deny, or in the Alternative, Strike the Motion Because It Was Erroneously Filed Under Federal Rules of Civil Procedure 46.

Plaintiff's Motion is erroneously filed under Rule 46 of the Federal Rules of Civil Procedure; but that rule deals with formal exceptions to a court's rulings or orders during trial. *See Fawley v. Jablonski*, No. CV 18-00943 MV/CG, 2020 WL 6063336, at *1 (D.N.M. Oct. 14, 2020) ("Rule 46 makes formal exceptions to a ruling or order [during trial] unnecessary and, instead, only requires a party to state any objection along with the grounds for the objection").

Page 2 - Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time"

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Moreover, Plaintiff does not argue that his Motion is a motion for reconsideration under either Rule 59 or Rule 60. This alone is grounds for denial.

**C. The Court Should Deny the Motion Because There Are No Extraordinary Circumstances That Warrant Reconsideration Under Federal Rule of Civil Procedure 60(b).**

Under Local Rule 7-1(b), "[e]very motion must concisely state the relief sought and be stated in a separate section under the heading 'Motion.'" But here, it is unclear what relief Plaintiff is seeking. Under the "Motion" heading, Plaintiff does not ask the Court to reconsider its decision to dismiss Plaintiff's claims. (*See* Motion at 1.) Instead, it appears that Plaintiff is asking the Court to reconsider its decision denying Plaintiff leave to file a *third* amended complaint. (*See* Motion at 1; *see* ECF No. 64 at 1-2, 32.) In the "Discussion" section of the Motion, however, Plaintiff argues that the Court erred "in dismissing plaintiff's civil action for a deprivation of constitutional rights under 42 USC § 1983 and dismissing defendants Don Morris, Matthew Carmichael, and Michael Schill from the civil action." (Motion at 2.) Plaintiff also argues that the Court "erred with its' Opinion and Order on January 6, 2020, by dismissing the defendants University of Oregon and University of Oregon's Police Department ('UOPD' in citations) from the civil action." (Motion at 2.)

Even if Plaintiff's *pro se* status allows the Court to liberally construe the Motion as a motion for reconsideration of its orders granting Defendants' motions to dismiss (ECF Nos. 18, 20, 41) and denying Plaintiff's motion for leave to file a third amended complaint (ECF No. 45) under Rule 60(b), the Motion fails.

Rule 60(b) "allows the Court to reconsider and amend a previous order in narrow circumstances." *Hejazi v. Lane Cty. Adult Corr.*, No. 6:19-CV-01451-HZ, 2020 WL 5757391, at *1 (D. Or. Sept. 9, 2020). "A motion for reconsideration, however, is an extraordinary remedy,

Page 3 - Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time"
MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

to be used sparingly in the interests of finality and conservation of judicial resources." *Pounds v. Smith*, No. 6:19-cv-00420-MK, 2020 WL 363396, at *2 (D. Or. Jan. 22, 2020) (internal quotation marks and citation omitted).  "Under Fed. R. Civ. P. 60(b), a litigant may seek relief from an order or judgment based on:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  Reconsideration of a prior ruling is appropriate where a litigant can show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hejazi*, 2020 WL 5757391, at *1 (citing *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004)).

None of these circumstances are present.  On January 6, 2020, the Court granted Defendants' motions to dismiss (ECF Nos. 18, 20) in part and denied them in part. (ECF No. 37.)  The Court dismissed Plaintiff's claims, "with the exception of plaintiff's § 1983 claim against the individual police offers Sitts, Geeting, and Brooks for violating his Fourth Amendment rights."  (ECF No. 37, at 22.)  The Court also dismissed Plaintiff's claims for a violation of 18 U.S.C. § 2333(a) and his 42 U.S.C. § 1983 and 42 U.S.C § 1986 claims against the University of Oregon (the "University") and the University of Oregon Police Department ("UOPD") without leave to amend and dismissed the University and UOPD from this action. (*Id.*)  The Court did, however, allow Plaintiff the opportunity to file another amended complaint curing the deficiencies in his amended complaint (ECF No. 19).  (*Id.*)  After allowing Plaintiff multiple opportunities and extensions of time to file a proper amended complaint, the Court

Page 4 -    Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time"

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

granted Defendants' motion to dismiss plaintiff's second amended complaint (ECF No. 41) and denied Plaintiff's motion for leave to file a third amended complaint (ECF No. 45). (ECF No. 64.) Specifically, the Court ruled:

> **C. *Summary***
>
> The Proposed Complaint does not correct any of the deficiencies in the claims alleged in the SAC. And, although it alleges new claims and theories of liability, the Proposed Complaint does not allege facts sufficient to show that plaintiff is entitled to relief on any of those claims or theories. Thus, the Court concludes that plaintiff's proposed amendments would be futile. Because the proposed amendments are futile, and plaintiff has already had an opportunity to amend his claims after receiving notice from the Court about the deficiencies in the First Amended Complaint and proposed SAC, the Court concludes that, at this point, it is clear that no amendment could remedy these defects. This case will proceed on one claim: plaintiff's § 1983 claim for excessive force against UOPD Officers Sitts, Barrett, Geeting, and Brooks as alleged in the Second Amended Complaint. Plaintiff does not need to file a Third Amended Complaint. Plaintiff’s Motion for Leave to File a Third Amended Complaint is, therefore, denied.

(ECF No. 64, at 32.)

On October 19, 2020, Plaintiff filed his Motion seeking relief from the Court's two prior orders (ECF Nos. 37 and 64). He claims that he is entitled to relief because:

- "there is a communication barrier between the plaintiff, attorneys for the defendants, and the Court," Motion at 1;
- "pursuant to 42 U.S.C. § 12101 'Americans with Disabilities Act', the communication barrier that has been an issue while litigating this matter before the Court should be reason in itself to allow the plaintiff to write a third amended complaint. As it would be prejudicial of the Court to conclude that the plaintiff was not deprived of his constitutional rights against the defendants in this action, because the attorneys and Court do not understand the communication by the plaintiff," Motion at 3;
- "the Courts' [sic] Second Opinion and Order is prejudicial towards the plaintiff because the Court presumed jurisdiction for the defendants that the defendants do not have and cannot prove," Motion at 1, 4-5; and

Page 5 - Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time"
MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

- because "[t]here is a thre- strike [sic] rule that runs deep in our Nations' [sic] history from our Nation's first organized sport of baseball to our law, as Twenty-eight states have some form of a 'three-strikes' law.  Thereby, plaintiff should be allowed to fix his errors with his complaint." Motion at 32.

None of these grounds support reconsideration of the Court's order.

Put simply, Defendants have extensively briefed the various issues Plaintiff has raised in multiple amended complaints and proposed amended complaints.  *See, e.g.*, *Kamden-Ouaffo v. Plaza Square Apartments*, No. 17-1068 (MAS) (LHG), 2020 WL 1531372, at *3 (D.N.J. Mar. 31, 2020) (slip copy) ("A motion for reconsideration is not to be used as an opportunity to relitigate the case.  A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.  The reconsideration process should not provide the parties an opportunity for a second bite at the apple.") (internal quotation marks and citations omitted); *see also Sherwin-Williams Co. v. TMZ Enters.*, No. 15-8409, 2018 WL 2427127, at *2 (D.N.J. May 30, 2018) ("Reconsideration motions may not be used to . . . raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order.").  In addition, the Court has allowed Plaintiff ample opportunity to state a valid claim for pleading purposes, including saving Plaintiff's Section 1983 claim for use of excessive force against Defendants Sitts, Barrett, Brooks, and Geeting.  Such a record does not justify relief from the orders.[1]

---

[1] Notably, Plaintiff concedes that he was driving a vehicle on a public street without displaying license plates, using the term "traveling" instead of "driving."  *See* Motion at 3 ("The plaintiff did not admit to driving without a license plate or a driver's license, but he did admit to traveling without a license plate[.]").

Page 6 -   Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time"

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

As mentioned in Defendants' previous filings, Defendants' employer, the University, an Oregon public university, is facing a multi-million deficit due to coronavirus disease 2019 ("COVID-19") pandemic.[2] As a public institution charged with the efficient and responsible stewardship of public funds—especially during an extraordinary time for the University, our nation, and the world—Defendants seek through this response to limit the expenditure of unnecessary public resources to address inappropriate and confusing court filings. In this budget climate, resource conservation is vital; and further responses to Plaintiff's paper campaign would be a waste of public resources.

Accordingly, Plaintiff has not satisfied the requirements for reconsideration under Rule 60(b). *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (holding that motions brought under Rule 60(b) are properly rejected where the motion merely reiterates arguments that have already been presented to the court).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[2] University of Oregon, Around*the*O, *UO trustees get updates on COVID-19 impacts and UOPD*, https://around.uoregon.edu/content/uo-trustees-get-updates-covid-19-impacts-and-uopd (last accessed October 26, 2020).

Page 7 - Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time"

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## II. CONCLUSION

For the reasons stated above, Defendants respectfully request the Court to deny or, in the alternative, strike the Motion.

DATED this 2nd day of November, 2020.

    MILLER NASH GRAHAM & DUNN LLP

*s/ Naomi Levelle Haslitt*
Naomi Levelle Haslitt; OSB No. 075857
naomi.haslitt@millernash.com
Iván Resendiz Gutierrez; OSB No. 154617
ivan.resendiz@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for Defendants*

Page 8 -   Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time"

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time" on:

James-Brent: Alvarez
c/o 30924 Kenady Lane
Cottage Grove, Oregon 97424
jb22.1978.008@gmail.com

*Plaintiff Pro Se*

by the following indicated method or methods on the date set forth below:

☐ **CM/ECF system transmission.**

☐ **E-mail.** As required by Local Rule 5.9(b), any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☒ **E-mail** (per Agreement to service by e-mail)

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 2nd day of November, 2020.

*s/ Naomi Levelle Haslitt*
Naomi Levelle Haslitt, OSB No. 075857

*Of Attorneys for Defendants*

4845-8249-4416.1

Page 1 - Defendants' Response to "Plaintiffs' [Sic] Objections to the Court's Opinion and Order's [Sic] and Motion for Leave to Amend the Complaint A Third Time"
MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204