

: C.-S.-S.-C.-P.-S.-G.-P. FLAG OF THIS DOCUMENT-POSTAL-VESSEL-COURT-VENUE.

UNITED STATES DISTRICT COURT

STATE OF OREGON

EUGENE DIVISION

| | |
|---|---|
| : James-Brent: Alvarez.<br><br>        Plaintiff,<br><br>v.<br><br>Luke Sitts, et al.<br><br>        Defendants. | Case No. 6:19-cv-01071-AA<br><br>PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION'S AND MOTION FOR LEAVE TO AMEND THE COMPLAINT A THIRD TIME.<br><br>REQUEST FOR ORAL ARGUMENT |

Plaintiff: James-Brent: Alvarez, appearing specially and not generally, *respectfully*, requests the Court deny defendant's request to deny, or in the alternative, strike Plaintiff's Objection to the Court's Opinion and Order's and Motion for Leave to Amend the Complaint a Third-Time filed (the "the pleading") on November 2, 2020 (ECF No. 72) (the "response").

### I.      ARGUMENT

Defendant's claim plaintiff filed the pleading erroneously under Fed. R. of Civ. P. 46, instead Rule 59 or 60 and request the pleading be denied or stricken from the record for procedural error. However, Plaintiff is Pro Per (not Pro Se). Plaintiff has not waived any of his rights, and further, "All laws which are repugnant to the Constitution are null and void" pursuant to *Marbury vs Madison*, 5 US (1 Cranch) 137, 174, 176, (1803) which has been the standard precedence for nearly 220 years. Thereby any law, procedure, or rule that would deprive Plaintiff of the ability to obtain legal remedy for injury of constitutional rights are null and void.

Congruently, the Court should not deny or strike the pleading based on a procedural error because Plaintiff is not to be held to the procedures that are meant for attorneys. Moreover, Defendants' acknowledge this fact throughout their pleadings. Although the pleading is not applicable under Fed. R. of Civ. P. 46, the pleading is applicable under Fed. R. of Civ. P. 60 as set forth below.

First, the pleading meets the requirements of Fed. R. of Civ. P. 60(b)(1) – mistake, because the pleading points out the Court's Opinion and Order prejudicially presumes jurisdiction under Oregon Revised Statutes ("ORS" in citations) 810.010 for the defendants', and thereby, deprives Plaintiff of his constitutional right to travel. Plaintiff challenged jurisdiction during his detainment by Defendants'. "Jurisdiction can be challenged at any time," and "Jurisdiction, once challenged, cannot be assumed and must be decided." *Basso v. Utah Power & Light Co.*, 395 F 2d 906, 910. Defendants' failed to prove jurisdiction upon request by the Plaintiff. Further, the Lane Co. Cir. Court and Eugene Municipal Court did not docket the Defendant's traffic citations because the defendant's lacked jurisdiction. "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." *Stuck v. Medical Examiners*, 94 Ca 2d 751. 211 P2d 289.

Therefore, this clear error of prejudicially presuming jurisdiction for the Defendant's in the Court's opinions and orders needs to be corrected by the Court to prevent manifest injustice to the Plaintiff's constitutional rights to due process and equal protection of the laws. The "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." *Lantana v. Hopper*, 102 F. 2d 188 (1939); *Chicago v. New York*, 37 F. Supp. 150. In order to prove jurisdiction, there must be a contract, for "It is impossible to prove jurisdiction exists absent a substantial nexus with the state, such as voluntary subscription to license. All jurisdictional facts supporting claim that supposed jurisdiction exists must appear on the record of the court." *Pipe Line v Marathon*, 102 S. Ct. 3858 (1982).

Second, the pleading meets the requirements of Fed R. of civ. P. 60(b)(4) – the judgment is void, because the Court's opinions and orders deprive the Plaintiff of *privileges and immunities* pursuant to his constitutional rights to travel, to be free of unreasonable search and seizure, to due process, to remain silent, and to have council present before responding to questions. Consequently, the Court's opinions and orders are void. [A] "Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed." *City of Lufkin v. McVicker*, 510 S.W. 2d 141 (Tex. Civ. App. – Beaumont 1973) and "A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree." *Loyd v. Director, Dept. of Public Safety*, 480 So. 2d 577 (Ala. Civ. App. 1985).

In Sum, the Court should consider the pleading as a Motion for reconsideration under Rule 60(b)(1) and (4), or in the alternative, should allow Plaintiff leave to amend the pleading so that it is applicable to Rule 60(b). Plaintiff being deprived of his constitutional rights by the Court's opinions and orders are extraordinary circumstances for reconsideration.

## II.    NOTICE

If the Court fails to timely correct its error upon this "Notice", the Court will lose jurisdiction and become liable for suit under 42 U.S. Code § 1983. "Not every action by any judge is in exercise of his judicial function. It is not a judicial function for a Judge to commit an intentional tort even though the tort occurs in the Courthouse, when a judge acts as a Trespasser of the Law, when a judge does not follow the law, the judge loses subject matter jurisdiction and [t]he Judge's orders are void, of no legal force or effect" *Yates v. Village of Hoffman Estates, Illinois*, 209 F. Supp. 757 (N.D. Ill. 1962). "Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." *Merritt v. Hunter*, C.A. Kansas 170 F. 2d 739.

## III.    CONCLUSION

For the reasons stated above, Plaintiff, respectfully requests the Court treat the pleading as a motion for reconsideration under Rule 60(b)(1) and (4), or in the alternative, allow the Plaintiff leave to correct deficiencies in the pleading.

DATED this 25rd day of November, 2020.

THE PLAINTIFF.

s/: James-Brent: Alvarez. UCC 1 -308
: James-Brent: Alvarez.
Postmaster: RA535207145US

CERTIFICATE OF SERVICE

  I hereby certify that on November 25, 2020, I served the foregoing Plaintiffs' Reply to Defendant's response to Plaintiff's Objections and Motion for Reconsideration on:

Namoi Levelle Haslitt, OSB No. 075857
naomi.haslitt@millernash.com
Iván Resendiz Gutierrez, OSB No. 154617
ivan.resendiz@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Tower
Portland, Oregon 97204
Telephone: 503.224.5858
Fax: 503.224.0155

  Attorneys for Defendants
  Luke Sitts, et al.

by the following indicated method of service set forth below:

  Email: as agreed on by all parties involved during the Covid-19 situation, until either party terminates the agreement.

                s/James-Brent: Alvarez UCC 1-308
                James-Brent: Alvarez
                c/o 30924 Kenady Lane
                Cottage Grove, Oregon [97424]