IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES-BRENT: ALVAREZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNIVERSITY OF OREGON, et al.,<br><br>    Defendants. | Case No. 6:19-cv-01071-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Before the Court is Plaintiff James-Brent: Alvarez' Motion to Set Aside the Judgement (ECF No. 125), and his Amended Motion to Set Aside the Judgment (ECF No. 126) (the "Motion"). Proceeding pro se, Plaintiff seeks to set aside the Judgment dismissing this case, entered on March 29, 2022 (ECF No. 122) (the "Judgment"). Plaintiff also moves the court to "alter the orders" the Court entered on August 25, 2020 (ECF No. 64) and on March 29, 2022 (ECF No. 121) (the "Orders").

Plaintiff relies on Rules 59 and 60(b) of the Federal Rules of Civil Procedure, arguing that the Judgment "is void because the [C]ourt's opinions fail as a matter of

Page 1 – OPINION AND ORDER

law." Pl.'s Motion at 1. Plaintiff further contends that "the case [should be] set for a jury trial", proceeding on the claims Plaintiff brought in his original and amended Complaints. *Id*.

Plaintiff appears to raise four assignments of legal error. First, he argues that the Court erred in its August 25, 2020 Order by granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. *Id*. Plaintiff maintains that the evidence in the record supports his "claims in the operative complaint for negligence, assault with a weapon, conspiracy, perjury, and defamation of character." *Id*. Second, concerning that same Order, Plaintiff argues that the Court erred in dismissing his "claims under 42 USC § 1983 for unlawful arrest, warrantless search, Miranda Rights violations, and false imprisonment." *Id*. Third, Plaintiff assigns error to the Court's March 29, 2022 Order granting Defendant's Motion for Summary Judgment on Plaintiff's § 1983 claim of excessive force. *Id*. Lastly, Plaintiff contends that "Defendants lack Eleventh Amendment and Qualified Immunity based on their violation [§ 1983]. For the reasons that follow, Plaintiffs Motion to Set Aside Judgement (ECF No. 125), and his Amended Motion to Set Aside Judgment (ECF No. 126) are DENIED.

## STANDARDS

### I. Motion for Reconsideration Under Rule 59

District courts may reconsider and amend a previous order under Federal Rule of Civil Procedure 59(e). A motion for reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

resources*." Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (emphasis added). However, "[m]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Shah v. Aerotek, Inc.*, 2021 WL 3521142, at *1 (D. Or. Aug. 10, 2021) (internal quotation marks and citations omitted).

## II.   Relief from Judgment under Rule 60(b)

Rule 60(b)(1) and (4) allows district courts to relieve a party from a final judgment, order, or proceeding in narrow circumstances—namely, "(1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (4) the judgment is void . . . ." Fed. R. Civ. P. 60(b)(1), (4). The party making a motion under Rule 60(b) bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir*, Co., 984 F.2d 1047, 1049 (9th Cir.), *cert. denied*, 510 U.S. 813 (1993). To be entitled to Rule 60(b) relief, "a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute [his case.]" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (international quotations and citation omitted). Or, a party must demonstrate

"circumstances beyond [his] control [that] prevented timely action to protect [his] interests." *Alpine Land & Reservoir Co.*, 984 F.2d at 1049.

## DISCUSSION

In their Response to Plaintiff's Motion (ECF No. 127), Defendants contend that the Court, having fully considered and directly addressed Plaintiff's arguments and rejected them, should also reject Plaintiff's argument under Rule 59. Defs.' Resp. at 5. Defendants maintain that the Court committed no error, let alone "clear error," regarding any of the issues raised by Plaintiff's Motion. Instead, the Court properly interpreted and applied the law to the undisputed facts presented in this case. In addition, Defendants point out that "the Court allowed Plaintiff ample opportunity to state a valid claim for pleading purposes, including saving Plaintiff's Section 1983 claim for use of excessive force against Defendants Sitts, Barrett, Brooks, Geeting, and Morris. Such a record does not justify relief from the orders." The Court agrees.

Here, the parties have extensively briefed the issues Plaintiff raised in his Motion—and in Plaintiff's multiple amended, supplemented, and proposed amended complaints and numerous filings. Plaintiff offers no newly discovered evidence and points to no intervening change in the law governing the issues in this case. *Kona Enters, Inc*. 229 F.3d at 890. Instead, just as he has done throughout the course of litigation, Plaintiff "rehash[es] old arguments" that the Court has fully considered and decided. *Shah v. Aerotek, Inc.*, 2021 WL 3521142, at *1. Further, Plaintiff provides no legal authority that calls into question the propriety of the Court's prior rulings. Accordingly, Plaintiff's arguments under Rule 59 fail.

Concerning Plaintiff's arguments under Rule 60(b), Plaintiff, bearing the burden of proof, has not demonstrated that he is entitled to the relief that he seeks, where Plaintiff has not developed any argument concerning mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1), (4). Plaintiff states that "there are additional claims that are not plead under the appropriate statutes in the operative complaint" for "negligence, assault with a weapon, conspiracy, perjury, theft, and defamation of character." Pl.'s Motion at 11. Plaintiff initiated this lawsuit three years ago in July 2019. As explained, the Court provided Plaintiff several opportunities to state a valid claim for pleading purposes. Recall that relief under Rule 60 is an "equitable remedy to prevent manifest injustice." *Alpine Land & Reservoir*, Co., 984 F.2d at 1049. Under the circumstances of this case, the Court concludes that it would not be equitable to allow Plaintiff, a sophisticated pro-se litigant, to avoid dismissal now, based on Plaintiff's statement that he did not know he could have added the above claims during the three years of litigation. *See, e.g., Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–88 (9th Cir.1990) (affirming denial of leave to add claims based on different legal theories and requiring proof of different facts in late stage of litigation). Accordingly, Plaintiff's arguments under Rule 69 fail.

Finally, the Court received an informal email from Plaintiff asking for more time to file a Reply brief. That request is not properly before the Court. The time for Plaintiff to file a Reply has passed. The Court Orders Plaintiff to desist from filing further motions on the merits in this case.

## CONCLUSION

For the reasons stated, Plaintiff's Motions, ECF Nos. 125 and 126 are DENIED. Further, Plaintiff is Ordered to desist from filing further motions on the merits in this case.

IT IS SO ORDERED.

Dated this <u>10th</u> day of June 2022.

<u>    /s/Ann Aiken    </u><br>
Ann Aiken<br>
United States District Judge